# **EXHIBIT E**



**COUNCIL OF THE DISTRICT OF COLUMBIA**
**THE JOHN A. WILSON BUILDING**
**1350 PENNSYLVANIA AVENUE, NW**
**WASHINGTON, DC 20004**

**Charles Allen**
**Councilmember, Ward 6**
**Chairperson**
**Committee on Transportation and the Environment**

**Committee Member**
**Business and Economic Development**
**Health**
**The Judiciary & Public Safety**

February 13, 2025

Nyasha Howard
Secretary to the Council
Council of the District of Columbia
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

Dear Secretary Howard:

Today, alongside Councilmembers Anita Bonds, Matthew Frumin, Christina Henderson, Janeese Lewis George, Brianne K. Nadeau, Zachary Parker, and Brooke Pinto, I am introducing the *"Fair Housing Practices Amendment Act of 2025".* Please find enclosed a signed copy of the legislation.

In recent months, constituents have raised concerns with several multi-unit residential buildings across the District beginning to charge tenants for the electricity, water, or gas usage of common spaces in the building, often pointing to overbroad and vague provisions in the lease allowing them to pass on these costs to tenants through a monthly fee. My office has seen cases of tenants having to pay an additional $400 per month on top of their base rent for the utility charges accrued by the building for its common spaces like a hallway, gym, or conference room. These fees have been imposed on tenants regardless of whether the tenant used or accessed those common areas and is also in addition to their own unit's utility charges.

At its core, requiring tenants to separately pay for the utility charges for their building's common spaces raises several concerns. First, because some buildings have been pointing to overbroad and vague provisions in the lease allowing the building to pass on these costs to tenants, most tenants did not have an expectation when signing their lease that they would be responsible for these costs. Second, charging these costs in addition to base rent masks the true cost of rent for the building. Third, the assessed amount themselves are outrageously high.

Additionally, my office has received complaints from tenants concerning practices around collecting unpaid amounts when a tenant decides to move out. I'm aware of instances where a housing provider failed to notify a tenant that they owe an unpaid cleaning fee or that they must pay for damage to the unit, and later sent the unpaid amount to a debt collector, thereby damaging a tenant's credit history without providing the tenant with an opportunity to pay.

1

To protect consumers, this legislation would prohibit housing providers from separately charging tenants for the utility charges accrued by the housing accommodation for its common areas, and to require that housing providers notify a tenant of any unpaid amounts owed to the housing provider within 45 days after vacating a rental unit and to obtain evidence that the tenant was served with the notification at least 60 days prior to sending the unpaid amount to a debt collector.

Please feel free to reach out to me or my Legislative Director, Antonio Nunes, with any questions or for additional information.

Sincerely,

Councilmember Charles Allen, Ward 6
Chairperson, Committee on Transportation & the Environment

| | |
|---|---|
| _____ | _____ |
| Councilmember Anita Bonds | Councilmember Charles Allen |
| _____ | _____ |
| Councilmember Matthew Frumin | Councilmember Christina Henderson |
| _____ | _____ |
| Councilmember Janeese Lewis George | Councilmember Brianne K. Nadeau |
| _____ | _____ |
| Councilmember Zachary Parker | Councilmember Brooke Pinto |

A BILL

_____

IN THE COUNCIL OF THE DISTRICT OF COLUMBIA

_____

To amend the Rental Housing Act of 1985 to prohibit housing providers from separately charging tenants for the utility charges accrued by the housing accommodation for its common areas, and to require that housing providers give notification to a tenant of any unpaid amounts owed to the housing provider within 45 days after vacating a rental unit and to obtain evidence that the tenant was served with the notification at least 60 days prior to sending the unpaid amount to a debt collector.

BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this act may be cited as the "Fair Housing Practices Amendment Act of 2025".

Sec. 2. The Rental Housing Act of 1985, effective July 17, 1985 (D.C. Law 6-10; D.C. Official Code § 42-3501.01 *et seq.*), is amended by adding new sections 511 and 512 to read as follows:

"§ 511. Prohibition on separately billing a housing accommodation's utility charges to tenants.

41   "(a) A housing provider shall not separately charge tenants, other than through monthly base rent, for the utility charges accrued by the housing accommodation for its common areas.

43   "(b) For the purposes of this section, the term "utility" means:

44    "(1) Electricity usage;

45    "(2) Gas usage;

46    "(3) Wastewater and sewage disposal service usage; and

47    "(4) Water consumption or usage."

48   "§ 512. Notification to tenant of unpaid amounts upon vacating rental unit.

49   "(a) Within 45 days after termination of the tenancy, the housing provider shall notify the tenant in writing, either personally or by certified mail at the tenant's last known address, of any unpaid amounts due to the housing provider pursuant to the terms of the lease agreement, which may include:

53    "(1) Unpaid rent arrearages;

54    "(2) Damage to the rental unit;

55    "(3) A cleaning fee imposed at moveout; or

56    "(4) Charges to the housing provider for removing furnishings and items left by the tenant at moveout.

58   "(b) For paragraphs (a)(2) or (4) of this section, the housing provider shall accompany the notification with photographs or other evidence sufficiently supporting the housing provider's claim for unpaid amounts.

61   "(c) The housing provider shall obtain evidence that the tenant was served with such notice required by subsection (a) of this section at least 60 days prior to sending the unpaid amount to a debt collector, as defined in D.C. Official Code § 28-3814(b)(5).".

64    Sec. 3. Fiscal impact statement.

65    The Council adopts the fiscal impact statement in the committee report as the fiscal
66 impact statement required by section 4a of the General Legislative Procedures Act of 1975,
67 approved October 16, 2006 (120 Stat. 2038; D.C. Official Code § 1-301.47a).

68    Sec. 4. Effective date.

69    This act shall take effect following approval by the Mayor (or in the event of veto by the
70 Mayor, action by the Council to override the veto), a 30-day period of congressional review as
71 provided in section 602(c)(1) of the District of Columbia Home Rule Act, approved December
72 24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(1)), and publication in the District of
73 Columbia Register.