**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORMAN PROPST, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROOKFIELD PROPERTIES MULTIFAMILY, LLC,<br><br>Defendant. | Case No. 1:25-cv-00636-GMH |

# ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, APPOINTING CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR, APPROVING THE NOTICE PLAN, AND ENTERING A SCHEDULE

Plaintiff Norman Propst filed an unopposed motion for preliminary approval of a class action settlement, conditional certification of the Settlement Class, appointment of Class Counsel and a settlement administrator, approval of the proposed notice plan, and entry of a scheduling order. Defendant Brookfield Properties Multifamily, LLC does not oppose this motion. For the reasons stated in the Plaintiff's Memorandum in Support of Consent Motion for Preliminary Approval of Class Action Settlement, the Motion is GRANTED. Accordingly, the Court hereby ORDERS as follows:

**1. Jurisdiction:** This Court has jurisdiction over the subject matter of the class action against Defendant Brookfield Properties Multifamily, LLC ("BPM" or "Defendant") and over all Parties to the lawsuit, including all members of the Settlement Class.

**2. Settlement Class:** For settlement purposes only, and pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class:

> Any and all natural persons who executed a residential lease (including but not limited to lease renewals) with BPM for one or more of the D.C. Properties between December 11, 2021, through April 30, 2026, and were charged for Fees at any point during the period from December 11, 2021, through April 30, 2026.

The Settlement Class excludes: (i) any corporate applicants for residency at the D.C. Properties and (ii) any current or former tenant of the D.C. Properties, including but not limited to any tenant occupying a designated affordable housing unit at one of the D.C. Properties, who was not charged for any of the Fees. All capitalized terms herein shall have the meanings assigned to them in the Parties' Settlement Agreement and General Release (the "Settlement Agreement").

**3. Findings for Conditional Certification:** The Court preliminarily finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23 are satisfied: (a) the Settlement Class, comprising 2,431 members, is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class, principally the lawfulness and disclosure of the Fees under the District of Columbia Consumer Protection Procedures Act and related housing statutes and regulations; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (e) common questions predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the Court certifies the Settlement Class solely for purposes of settlement, it need not address whether the case, if tried, would present manageability problems under Rule 23(b)(3).

**4. Class Representative:** The Court appoints Plaintiff Norman Propst as Class Representative.

**5. Class Counsel:** Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Tycko & Zavareei LLP and Migliaccio & Rathod LLP as Class Counsel, including F.

Peter Silva II and Hassan A. Zavareei of Tycko & Zavareei LLP, and Randolph T. Chen, Jason S. Rathod, and Nicholas A. Migliaccio of Migliaccio & Rathod LLP. The Court finds that these firms and attorneys are experienced in complex class action and consumer-protection litigation and will fairly and adequately represent the interests of the Settlement Class.

**6. Settlement Administrator:** Pursuant to the Settlement Agreement, Kroll Settlement Administration LLC shall serve as the Settlement Administrator.

**7. Preliminary Approval of Settlement:** The proposed Settlement Agreement entered into by Plaintiff and Defendant (the "Parties") establishes the method of calculation of settlement payments to be made to Class Members and allows Class Members to opt out or object.

In accordance with the terms of the Settlement Agreement, Defendant will create a non-reversionary Settlement Fund of one million one hundred thousand dollars ($1,100,000.00), which shall be the sole source used to pay the Awards to Class Members, any Attorneys' Fee Awards, and any Service Award. Notice and Administration Costs shall be paid separately by Defendant and shall not be deducted from the Settlement Fund. Within thirty (30) days after entry of this Order, Defendant shall pay the full amount of the Settlement Fund to the Escrow Agent.

The Net Settlement Fund will be distributed to Class Members on a two-tier, adjusted pro rata basis keyed to the amount of Fees charged to each Household, as set forth in the Settlement Agreement, with Households charged less than $200 in certain Fees as of March 24, 2026, receiving a Base Award and Households charged $200 or more receiving an Enhanced Award equal to 2.5 times the Base Award, each further divided pro rata among the Class Members in the Household. In addition, the Settlement Agreement provides forward-looking injunctive relief requiring BPM to incorporate enhanced disclosures concerning the Fees into the websites and application processes for each of the D.C. Properties.

Class Counsel and counsel for Defendant are experienced in complex litigation, including class action litigation. The Settlement Agreement was reached after arm's-length negotiations between counsel following the briefing of Defendant's motion to dismiss and motion to strike class allegations and the exchange of informal and confirmatory discovery.

The amount of the settlement, $1,100,000, is fair, reasonable, and adequate. The settlement provides an average recovery of approximately $452.49 per Class Member and secures forward-looking injunctive relief in the form of enhanced fee disclosures. If the settlement had not been reached, all Parties faced the expense, risk, and uncertainty of continued litigation, including the pending motion to dismiss and motion to strike class allegations.

Therefore, upon consideration of the terms of the proposed Settlement Agreement, the Court preliminarily finds the Settlement Agreement to be sufficiently fair, reasonable, and adequate, and to fall within the range of possible approval, so as to warrant providing Notice to the Class Members and proceeding with a final approval hearing. In making this determination, the Court has considered whether the settlement is the result of arm's-length negotiations, the terms of the settlement in relation to the strengths of Plaintiff's case, the current status of the litigation, and the opinion of experienced counsel.

Accordingly, the Court grants preliminary approval of the Settlement Agreement. Its terms will be submitted to the Class Members for their consideration and for a hearing pursuant to Federal Rule of Civil Procedure 23(e).

**8. Notice to Class Members:** The Court has reviewed the proposed forms of Class Notice and the proposed notice plan. The Class Notice, among other things, describes in plain language the nature of the action, the definition of the Settlement Class, the material terms of the settlement (including the monetary and injunctive relief and the scope of the release), the

considerations that led Class Counsel to conclude that the settlement is fair and adequate, the procedure for objecting to or opting out of the settlement, Class Counsel's intent to seek attorneys' fees and a Service Award, and the date of the final approval hearing.

The Court approves the proposed notice plan, under which the Settlement Administrator will provide direct notice to each Class Member by both email and first-class mail postcard notice, supplemented by a Settlement Website, in the manner described in the Settlement Agreement and the motion. The Court finds that the proposed notice plan constitutes the best notice practicable under the circumstances, is reasonably calculated to apprise Class Members of the settlement and their rights, and fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e)(1) and due process. The forms of Class Notice are approved.

**9. Relevant Dates:**

**a. Class List:** No later than fourteen (14) days after entry of this Order, Defendant shall provide the Settlement Administrator and Class Counsel with an updated list containing the names, last known mailing addresses, and last known email addresses of the Class Members.

**b. Class Notice:** The Settlement Administrator will promptly, but in no event later than twenty-one (21) days after entry of this Order, disseminate the Class Notice to each Class Member by email and postcard, consistent with the notice plan.

**c. Fee, Expense, and Service Award Application:** Class Counsel shall file their application for attorneys' fees, expenses, and a Service Award no later than sixty (60) days after entry of this Order, and shall post the application to the Settlement Website.

**10. Exclusion Requests and Objections**: Any Class Member who desires to be excluded from, or to object to, the settlement must do so on or before the Opt-Out and Objection

Deadline, which shall be one hundred five (105) days after entry of this Order. Exclusion requests must be submitted on an individual basis, signed by the Class Member, and must contain the information required by the Class Notice, and must be submitted online through the Settlement Website or mailed to the Settlement Administrator (postmarked on or before the deadline). Any Class Member who wishes to object must file a written objection with the Court and mail it to Class Counsel and Defendant's counsel, containing the information required by the Settlement Agreement and Class Notice, on or before the Opt-Out and Objection Deadline. Any Class Member who fails to comply with these requirements shall be deemed to have waived any objection and shall be bound by the settlement.

**a. Opt-Out List:** The Settlement Administrator shall provide Class Counsel and Defendant's counsel with a list of all Opt-Out Members within seven (7) days after the Opt-Out and Objection Deadline.

**b. Final Approval Submissions:** Plaintiff shall file the motion for final approval, and the Parties shall file any responses to objections, no later than twenty-one (21) days before the Final Approval Hearing.

**c. Final Approval Hearing:** A Final Approval Hearing shall be held on _______________, _____, at ___ ___.M., before the Court, to consider whether the settlement should be given final approval, whether the Settlement Class should be finally certified, and any application for attorneys' fees, expenses, and a Service Award. The hearing shall be held no earlier than fourteen (14) days after the Opt-Out and Objection Deadline and not less than one hundred forty (140) days after the filing of the motion for preliminary approval, consistent with 28 U.S.C. § 1715(d). The date or time of this hearing may be changed without further notice to the Settlement Class.

**11. Payments to the Class:** Settlement disbursements shall be made to all Class Members by check within the time period and in the manner described in the Settlement Agreement following the Effective Final Judgment Date. These dates may be amended upon written motion by either Party and for good cause shown.

The Court finds that the process for distributing payments to Class Members outlined in the Settlement Agreement is appropriate under the circumstances.

**12. Preliminary Injunction:** Pending final determination of whether the settlement should be approved, Plaintiff and all Class Members, and anyone acting on their behalf, are preliminarily enjoined and barred from commencing, prosecuting, or continuing any action asserting any of the Class Released Claims, directly, representatively, derivatively, or in any other capacity, in any court or other tribunal.

**13. Class Counsel Fees and Expenses, Service Award:** The Court will separately consider a request for a reasonable award of attorneys' fees and expenses for Class Counsel, not to exceed one-third of the Settlement Fund, and a Service Award to the Class Representative, not to exceed $5,000.00, each to be paid from the Settlement Fund and subject to the Court's approval, as provided in the Settlement Agreement. Class Counsel will file the motion requesting such an award no later than sixty (60) days from the date of this Order.

**14. Effect of Termination of Settlement:** In the event that the settlement is not finalized or is terminated pursuant to the terms of the Settlement Agreement, or is not approved in whole or in part by the Court or any appellate court, this Order, including the conditional certification of the Settlement Class, shall be rendered null and void and shall be vacated *nunc pro tunc*, and this action shall proceed as if the Settlement Class had never been certified and as otherwise provided in the Settlement Agreement.

**15. Retention of Jurisdiction:** The Court retains exclusive and continuing jurisdiction over the Litigation, the Parties, the Class Members, and the Settlement Administrator for purposes of administering, interpreting, implementing, and enforcing the Settlement Agreement.

**16. Schedule:**

| **EVENT** | **SPECIFIC DATE OF DEADLINE** |
|---|---|
| BPM to provide updated Class List to Administrator | ___/___/_____ [14 Days after entry of the Preliminary Approval Order] |
| Notice to be sent by Email Notice and Postcard Notice | ___/___/_____ [21 days from the Preliminary Approval Order] |
| Deadline to file Application for Attorneys' Fees, Expenses, and Service Award | ___/___/_____ [60 days from Preliminary Approval Order] |
| Opt-Out and Objection Deadline | ___/___/_____ [105 days from Preliminary Approval Order] |
| Settlement Administrator to provide Class Counsel and BPM's Counsel with a list of opt-outs | ___/___/_____ [7 days from Opt-Out and Objection Deadline] |
| Deadline to file Motion for Final Approval | ___/___/_____ [21 days before Final Approval Hearing] |
| Deadline for the Parties to Respond to any Objections | ___/___/_____ [21 days before Final Approval Hearing] |
| Final Approval Hearing | ___/___/_____ [140 days from Preliminary Approval Order] |

This the _________ day of _________________, ______.

_______________________________
Hon. G. Michael Harvey
UNITED STATES DISTRICT JUDGE